14-4446-L
Nnewi Union New York Tri-State, Inc. v. Nnewi USA, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
NNEWI UNION NEW YORK TRI-STATE, INC.,
        Plaintiff-Appellant,

        -v.-                                    14-4446-L
                                                15-206-Con

NNEWI USA, INC., NNEWI USA, NEW YORK,
INC.,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Ositadinma Benjamin Okeke, Law
                        Office of O. Benjamin Okeke,
                        Brooklyn, NY.

FOR APPELLEE:           Yoram Nachimovsky, Yoram
                        Nachimovsky, PLLC, New York, NY.

1

Appeal of a denial of a preliminary injunction by the United States District Court for the Eastern District of New York (Chen, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Nnewi Union New York Tri-State, Inc. ("Tri-State") appeals from the order of the United States District Court for the Eastern District of New York (Chen, J.) denying Tri-State's motions for a temporary restraining order and preliminary injunction against Nnewi USA, Inc. ("NUSA") and Nnewi USA, New York, Inc. ("NNY"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This case concerns a dispute among three domestic non-profit organizations with ties to Nnewi, Nigeria. NUSA is an umbrella organization for Nnewi-related organizations in the United States. Tri-State and NNY are Nnewi-related organizations based in the New York City metropolitan area. From 1998 until 2013, Tri-State was the local chapter for NUSA; since 2013, NUSA's local chapter has been NNY. Tri-State's lawsuit arises out of its displacement as NUSA's local affiliate.

On November 24, 2014, Tri-State sought a temporary restraining order and preliminary injunction. Two days later, the Honorable William F. Kuntz, III, sitting as the Miscellaneous Judge, denied both after concluding that Tri-State had "failed to establish the prerequisites for injunctive relief" because it had not shown (i) it was "likely to suffer irreparable injury if such relief is denied," (ii) there was "a likelihood of success on the merits," or (iii) the "balance of hardships tip[] decidedly" in its favor. On December 22, 2014, Tri-State once again sought a temporary restraining order and preliminary injunction, filing a nearly identical motion to the one submitted a month prior. Once again, with the Honorable Pamela K. Chen sitting as the Miscellaneous Judge, Tri-State's two motions were denied. Judge Chen denied the motion because a "nearly identical motion" had already been denied and was now being "essentially re-filed." Tri-State appealed.

In its appeal from Judge Chen's ruling, Tri-State argues that Judge Kuntz's denial of its application failed to "state the findings and conclusions that support its action," as required by Rule 52(a) of the Federal Rules of Civil Procedure. Tri-State argues that because Judge Kuntz's ruling was deficient, Judge Chen could not have relied on it. We review the district court's denial of a preliminary injunction for abuse of discretion. New York Progress and Protection PAC v. Walsh, 733 F.3d 483, 486 (2d Cir. 2013). "Such an abuse occurs when the district court bases its ruling on an incorrect legal standard or on a clearly erroneous assessment of the facts." Bronx Household of Faith v. Bd. of Educ. of City of N.Y., 331 F.3d 342, 348 (2d Cir. 2003).

Judge Chen stated the findings and conclusions that justified her ruling, which were that essentially the same motion had already been denied by Judge Kuntz. A party that is dissatisfied with the denial of a preliminary injunction may appeal the denial under 28 U.S.C. § 1292(a)(1), but is not at liberty to resubmit the same application to a different judge, hoping for a different result.

As for the merits of the district court's order denying Tri-State's motions for a temporary restraining order and preliminary injunction, we discern no abuse of discretion.

Accordingly, and finding no merit in Tri-State's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3